# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
June 26, 2012

No. 12-10107
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

MICHAEL ANTHONY DAVIS,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:05-CR-111-2

Before HIGGINBOTHAM, DAVIS, and ELROD, Circuit Judges.

PER CURIAM:*

Michael Anthony Davis, federal prisoner # 33896-177, appeals the denial of his 18 U.S.C. § 3582(c)(2) motion, in which he argued that he was entitled to reduction in sentence pursuant to Amendment 750 to the United States Sentencing Guidelines. Davis was convicted in 2005 of conspiring to possess and distribute cocaine and distributing cocaine base and was sentenced at the bottom of the applicable guidelines range to 360 months of imprisonment.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Section 3582(c)(2) permits the discretionary modification of a defendant's sentence "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o)." § 3582(c)(2); *see United States v. Doublin*, 572 F.3d 235, 237 (5th Cir. 2009). We review the district court's decision whether to reduce a sentence under § 3582(c)(2) for abuse of discretion and the district court's interpretation of the Guidelines de novo. *United States v. Evans*, 587 F.3d 667, 672 (5th Cir. 2009).

Although application of the amendment at issue would reduce Davis's base offense level, it would not alter the sentencing guidelines range upon which his sentence was based. Accordingly, because Davis's sentencing guidelines range would remand unchanged at 360 months to life imprisonment, § 3582(c)(2) does not authorize a reduction in his sentence. *See* U.S.S.G. § 1B1.10(a)(2)(B), p.s., comment. (n.1(A)).

To the extent that Davis challenges the application of a sentencing enhancement and the determination that he was responsible for 2.7 kilograms of cocaine base, a § 3582(c)(2) motion "is not a second opportunity to present mitigating factors to the sentencing judge, nor is it a challenge to the appropriateness of the original sentence." *United States v. Whitebird*, 55 F.3d 1007, 1011 (5th Cir. 1995).

AFFIRMED.